# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-28-RJC

| | |
|---|---|
| **FREDERICK CANADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| **FNU WILLIAMS, Sergeant,** | ) |
| Lanesboro Corr. Inst.; | ) |
| **FNU BENEFIELD, Officer,** | ) |
| Lanesboro Corr. Inst., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, and Plaintiff's motion for a preliminary injunction. See 28 U.S.C. § 1915A(a) & (b)(1).

## I.  BACKGROUND

In his complaint, Plaintiff alleges that on November 23, 2012, Defendant Benefield observed Plaintiff masturbating in his cell and noted this on a daily log sheet and asked a fellow officer to confirm this by signing the log sheet. From Benefield's alleged observation, Plaintiff appears to contend that Benefield was accusing him of being gay. (Doc. No. 1 at 4).

On November 25, 2012, Plaintiff asserts that Defendant Williams was in Plaintiff's cell when they got into an argument, apparently in response to comments made by Williams which Plaintiff found insensitive. The comments allegedly concerned "sex charges" against Plaintiff that were entered in the prison computer. Defendant Benefield informed Williams that Plaintiff did not in fact have such pending charges and then Benefield responded that Plaintiff must be

1

upset because Williams was more sexually active than Plaintiff. (Id.).

Plaintiff characterizes these comments by Benefield and Williams as slander, which he says violated his rights as protected by the "Eighth Amendment by bringing mental illness, stress and nightmares." In his request for relief, Plaintiff "pray[s] this Court enter [judgment] with the 'God' above." (Id. at 7).

## II. STANDARD OF REVIEW

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir. 1990).

## III. DISCUSSION

Other than state a legal conclusion that his Eighth Amendment rights have been violated through the introduction of allegedly questionable statements by the defendants, Plaintiff has

failed to allege facts which could entitle him to relief under Section 1983. Assuming, if only for the sake of argument, that Plaintiff has set forth colorable claims of slander against the defendants, these claims do not constitute a basis upon which relief may be granted under Section 1983. These claims should proceed, if at all, in State court as there is no federal right to be free from offensive comments made by State actors. See, e.g., Fleming v. West Virginia, No. 5:08CV267, 2009 WL 960217, at *3 (S.D. W.Va. Apr. 7, 2009) (rejecting plaintiff's claim in a Section 1983 action for defamation of character) (citing inter alia Paul v. Davis, 424 U.S. 693, 712 (1976)).

For the foregoing reasons, the Court finds that Plaintiff's complaint fails to state a federal claim upon which relief may be granted under 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(b)(1). Accordingly, Plaintiff's Complaint, (Doc. No. 1), will be dismissed and his motion for preliminary injunction, (Doc. No.4), will be dismissed as moot.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**;

2. Plaintiff's Motion for Injunctive Relief, (Doc. No. 4), is **DISMISSED** as moot; and

3. The Clerk of Court is directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge